

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Robert M. Vrana**
P 302.571.6726
F 302.576.3741
rvrana@ycst.com

November 16, 2016

**BY E-FILE AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court of Delaware
844 King Street
Wilmington, Delaware 19801

    Re: *Merck Sharp & Dohme B.V. v. Dr. Reddy's Laboratories, S.A. et al.*,
       C.A. No. 15-806-KAJ

Dear Judge Jordan:

  On behalf of Defendants Dr. Reddy's Laboratories S.A. and Dr. Reddy's Laboratories, Inc. ("DRL") we respectfully submit this letter in response to Plaintiff Merck Sharp & Dohme B.V.'s ("Merck") opening letter. (*See* D.I. 38.) Merck has yet to provide a reason that dismissal of this case is improper, and remains unable to sustain its burden of proving a stay is warranted and would not prejudice DRL. In its letter brief, Merck focuses on the implications of vacatur of the ruling in the Warner Chilcott litigation. But DRL has consistently explained that its concern with a stay of these proceedings is the posture of the case at the time of any effort by Merck to obtain vacatur of the Warner Chilcott judgment. A stay would eliminate any opportunity for DRL to defend the Warner Chilcott judgment in that situation, and increase the risk of vacatur and the need for an unnecessary second trial. For these reasons, the Court should grant DRL's undisputed motion to dismiss and deny Merck's motion to stay proceedings.

  **I.** **A Stay Would Prevent DRL from Defending the Warner Chilcott Judgment and Increase the Risk of Vacatur and a Second Trial**

  Merck incorrectly contends that DRL's position is based on the premise that dismissal would insulate DRL from the effects of vacatur of the judgment in the Warner Chilcott litigation. Merck misses the point. DRL's argument is not that dismissal would insulate it from the implications of a vacatur; rather, DRL's concern is that a stay would prevent DRL from defending the Warner Chilcott judgment on appeal and foster Merck's efforts to achieve vacatur.

  Dismissal of the DRL case, followed by an appeal by Merck, would place DRL in position to defend the Warner Chilcott judgment on appeal. A stay—which would keep DRL in the district court—would deny DRL the opportunity to do so.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
November 16, 2016
Page 2

Staying the case would also increase the risk that the Warner Chilcott judgment will be vacated.  None of the cases cited by Merck where a second case was revived following vacatur of an earlier judgment involved the situation where the second case had been dismissed and was on appeal.  This is because dismissal based on the collateral estoppel effects of the Warner Chilcott judgment followed by appeal would make it more difficult for Merck to convince the Federal Circuit (or district court) to vacate the Warner Chilcott judgment.  *See United States Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (explaining that vacatur is an equitable doctrine that must "take account of the public interest").

## II. Merck Ignores that There Is Not A Live Case or Controversy to Support Jurisdiction for a Stay

Merck also fails to address the fact that there is not a live case or controversy in this case to support jurisdiction during a stay, even though this issue was specifically discussed in DRL's Reply Brief in Support of Its Motion to Dismiss.  (D.I. 36 at 1-2.)  All parties agree that collateral estoppel currently applies to bar Merck's ongoing assertion of its infringement claims in this case.  For this reason as well, the Court should deny Merck's motion to stay and ensure that DRL is afforded the full benefit of collateral estoppel.

## III. A Stay Will Not Conserve Court or Party Resources

A stay does nothing to conserve resources or simplify the issues.  Merck maintains the conclusory position that a stay conserves resources by avoiding an appeal of the dismissal of this action.  Merck has not offered any reason why an appeal would create any real work.  As already discussed, an appeal against DRL would not introduce any issues beyond those already presented by the Warner Chilcott appeal.  This is because Merck does not dispute that collateral estoppel applies.  Nor would a stay conserve resources following the disposition of the Warner Chilcott appeal.  If the judgment is affirmed, a stay creates more work and delay because the Court will have to revisit the case.  This would be avoided by dismissal.  If the judgment is reversed or vacated, a stay would merely avoid the ministerial act of remand.  Thus, a stay does not conserve any party or Court resources.

For all of these reasons, and the reasons set forth in DRL's previous briefs, the Court should grant DRL's motion to dismiss and deny Merck's motion to stay.

Respectfully,

*/s/ Robert M. Vrana*

Robert M. Vrana (No. 5666)

RMV:sb

Y<small>OUNG</small> C<small>ONAWAY</small> S<small>TARGATT</small> & T<small>AYLOR</small>, LLP
The Honorable Kent A. Jordan
November 16, 2016
Page 3

cc:     All Counsel of Record (by e-mail)

01:20869281.1

- 3 -